THE STATE OF NEW JERSEY v. ANDREW J. STEELMAN.

Argued February 20, 1901—Decided June 10, 1901.

An act entitled "An act to protect the planting and cultivating of oysters in the tide-waters of this state," enacted, in its body, that its provisions should not apply to the waters or bottoms of Delaware bay or Maurice river cove. *Held*, that the statute did not comply with the constitutional requirement that the object of every law should be expressed in its title.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the state, *Joseph E. P. Abbott,* prosecutor of the pleas.

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

GUMMERE, J. This is a motion to quash an indictment which has been removed from the Atlantic Quarter Sessions. The indictment was found under an act of the legislature entitled "An act to protect the planting and cultivating of oysters in the tide-waters of this state," approved May 17th, 1894. *Pamph. L., p.* 429. By the eighth section of this act it is declared that its provisions shall not apply to the waters or bottoms of Delaware bay and Maurice river cove.

The principal ground upon which the motion to quash is rested is that the statute violates the provision of article 4, section 7, placitum 4 of the constitution, which requires that the object of every law shall be expressed in its title.

In the case of *Beverly* v.*Waln, 28 Vroom* 143, 144, the Court of Errors and Appeals held that an act which was entitled "An act relating to the cost of improving sidewalks in the cities of this state" did not meet this requirement of the constitution, because the object thereof, as expressed in the title, was to legislate for all the cities of the state as a class, whereas, by the body of the act, only cities of the third class were included in its operation. In the later case of *Johnson* v. *Asbury Park,* 31 *Id.* 427, Beverly *v.* Waln was declared not to have held, nor to have been intended to hold, that a statute legislating with respect to some objects fairly included within the title will be invalidated because it does not include all such objects, except where the title, expressly, or by necessary implication, evinces an intent to legislate as to all of them.

Tested by this rule, then, the question to be determined is whether or not the legislature, by the title of the act of 1894, has evinced an intent to legislate with relation to the plant-

ing and cultivating of oysters in all the tide-waters of the state.

In Beverly *v.* Waln the use of the words "in the cities of this state" was considered to indicate a design to legislate with respect to *all* cities. Accepting this as a necessary deduction to be drawn from the use of the words quoted, the words "in the tide-waters of this state" must be considered as equally indicative of an intent to legislate with respect to *all* the tide-waters of the state; and the exclusion, in the body of the statute, of the waters or bottoms of Delaware bay and Maurice river cove from its operation makes the object of the law other than that which is expressed in its title, and hence, violative of the constitutional provision which is invoked.

The motion to quash must prevail.